■ In the Matter of ASHANTI WILKINS, Appellant, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [65 NYS3d 479]—

Appeal from a judgment of the Supreme Court (Collins, J.), entered January 17, 2017 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision denying petitioner's request for a recalculation of his conditional release date.

In February 2003, petitioner was sentenced to an aggregate prison term of 25 years, to be followed by five years of postrelease supervision (hereinafter PRS). In July 2003, petitioner was sentenced to 1½ to 3 years in prison, with that sentence being ordered to run consecutively to the previous sentence. The Department of Corrections and Community Supervision (hereinafter DOCCS) initially calculated petitioner's conditional release date to be January 18, 2024.

Petitioner commenced this CPLR article 78 proceeding claim-

ing that DOCCS should have subtracted the five-year term of PRS from his 25-year determinate sentence prior to calculating his conditional release date.* Supreme Court dismissed the proceeding, finding that DOCCS's formula for calculating the conditional release date was proper. Petitioner now appeals.

We affirm. Inasmuch as petitioner is serving a determinate sentence and a consecutive indeterminate sentence, he "may be paroled at any time after the expiration of the sum of the minimum or aggregate minimum period of the indeterminate sentence or sentences and six-sevenths of the term or aggregate term of imprisonment of the determinate sentence or sentences" (Penal Law § 70.40 [1] [a] [iv]). There is no provision for a credit on the term of imprisonment for a period of PRS in calculating the conditional release date. Rather, any credit for the period of PRS on a maximum or aggregate maximum term is limited to a credit on any remaining portion of the maximum term or aggregate maximum term *after* the period of PRS has been completed (*see* Penal Law § 70.45 [5] [b]). Accordingly, we see no reason to overturn DOCCS's calculation of petitioner's conditional release date.

McCarthy, J.P., Rose, Devine, Aarons and Rumsey, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* In reviewing petitioner's records for this proceeding, DOCCS discovered that it had mistakenly considered the July 2003 sentence as running concurrently with the February 2003 sentence in calculating petitioner's conditional release date. Taking into account that the sentences were consecutive, DOCCS recalculated the conditional release date to be July 17, 2025, again without crediting the maximum term of imprisonment with the period of PRS.